# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

Case No. 09-06495-dd

Adversary No. 10-80017-dd

## ORDER DENYING MOTION TO AMEND ANSWER

The relief set forth on the following pages, for a total of 4 pages, including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**05/25/2010**



/s/ David R. Duncan

David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/25/2010

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 09-06495-dd |
| Michael W. Iredale,<br>                    Debtor. | Adv. Pro. No. 10-80017-dd |
| Atlantic Community Bank,<br>                    Plaintiff,<br>v.<br>Michael W. Iredale,<br>                    Defendant. | **ORDER DENYING MOTION TO AMEND ANSWER**<br><br>Chapter 7 |

This matter was heard by me on May 20, 2010 upon the Motion of Defendant asking leave to amend his Answer in this adversary proceeding to assert a counterclaim against Plaintiff. To that motion, Plaintiff objected.

The underlying chapter 7 case was commenced by the filing of Defendant's voluntary petition on September 2, 2009. Kevin Campbell serves as trustee for this estate. The Trustee is not a party to this adversary proceeding.

On April 30, 2009, prior to the commencement of the bankruptcy case, Atlantic Community Bank commenced an action in the Court of Common Pleas for Beaufort County, South Carolina, to foreclose a mortgage upon certain real property owned by the Debtor. Thereafter, the property was foreclosed. This adversary proceeding under 11 U.S.C. §523 seeks to have the deficiency in payment to the Plaintiff declared non-dischargeable.

Defendant seeks to amend his answer to the complaint to assert a cause of action against Plaintiff for negligence and negligent misrepresentation for alleged acts and omissions of Plaintiff in the inception of the loan; pre-petition occurrences. The cause of action Defendant seeks to assert is not disclosed in his Schedules and Statement of Affairs; and is not claimed as exempt property in Schedule C.  Plaintiff opposes amendment, stating that the cause of action is property of the bankruptcy estate, and may be brought only by the chapter 7 trustee.

The relevant rule is Fed. R. Bankr. P. 7015.  Generally, under the 2009 amendments to the Federal Rules of Civil Procedure, a party may amend a complaint as a matter of right once within 21 days of service of the complaint or within 21 days of service of a responsive pleading or motion.  Otherwise a complaint may be amended only with written consent of the opposing party or with leave of the court.  See Fed. R. Civ. P. 15(a).  This rule is incorporated into the bankruptcy rules.  The time for amendment as a matter of right has passed.

Rule 15(a)(2) provides that in considering a request for amendment the "court should freely give leave when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Fourth Circuit Court of Appeals, sitting *en banc,* has explained, "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). For this reason, our Court of Appeals has interpreted Rule 15(a) to provide that, even after some delay in the case, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id*. (quoting *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff's objection to the motion to amend centers on the futility of the counterclaim. It argues that Defendant cannot successfully prosecute the counterclaim. This is, Plaintiff contends, because the counterclaim now belongs to the bankruptcy estate, not the Debtor. This objection is not dependent on the existence of delay and thus the stage of this proceeding is not an issue here.

Plaintiff's objection rises or falls on whether the Defendant can bring the cause of action. If he can, the rules dictate allowing the amendment. Whether the cause of action can be brought by Defendant depends on whether it is property of the bankruptcy estate. "The commencement of a case under … [Title 11] creates an estate. Such estate is comprised of all … property [of the Debtor]." 11 U.S.C. §541(a). Section 541 is intended by Congress to give as broad a scope as possible to what constitutes "property of the estate." *United States v. Whiting Pools, Inc.,* 103 S.Ct. 2309, 462 U.S. 198, 76 L.Ed.2d 515 (1983). Section 541 encompasses causes of action existing at the commencement of a bankruptcy case. *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir. 1984)(Cause of action for personal injury is property of the estate); *Integrated Solutions, Inc., v. Service Support Specialties, Inc.*, 124 F.3d 487 (3rd Cir. 1997); *In re Smith,* 640 F.2d 888 (7th Cir., 1981); *Bickford v. Ponce de Leon Care Center,* 918 F.Supp. 377 (M.D. Fla. 1996); *Tyler House Apartments, Ltd., v. The United States* 38 Fed. Cl. 1 (1997). Once a trustee is appointed, the chapter 7 debtor has no standing to pursue a pre-petition cause of action. *Cain v. Hyatt*, 101 B.R. 440, 442 (E.D. Pa. 1989); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988), cert. denied 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); see 11 U.S.C. § 323(a).

The cause of action that Defendant seeks to assert by way of counterclaim existed pre-petition. It was not disclosed in the lists, schedules and statements that a debtor is required to file pursuant to 11 U.S.C. § 521(a). That Defendant may have only recently become aware of it is of no consequence; it is a part of the bankruptcy estate, subject to control by Trustee. Defendant may not wield as a sword in defense of the claim that his debt to Plaintiff should not be discharged. Since the Defendant has no right to assert the cause of action any amendment to add it as a counterclaim would be futile.[1]

---

[1] That is not to say, however, that evidence of Plaintiff's own negligence or negligent misrepresentations are not relevant to the issue of reliance as an element of the cause of action for non-dischargeablilty; nor as to any other elements of Plaintiff's cause of action.

Further, the effort of the Defendant to raise the cause of action at this juncture of the case and after not disclosing the cause of action as an asset in his schedules and statement of affairs also raises the issue of his good faith. The Plaintiff did not argue bad faith as a basis to deny the motion to amend. Generally, however, the failure to disclose a suit or cause of action existing at the time of bankruptcy against a third party, in a debtor's bankruptcy proceeding, prevents that debtor from pursuing that undisclosed lawsuit. *Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir. 1992).

It is accordingly,

ORDERED that the Motion of Defendant to amend his Answer in this adversary proceeding to assert a counterclaim against Plaintiff be, and it herewith is DENIED. The parties shall proceed in accordance with the amended scheduling order.